McKinney, J.,
delivered the opinion of the Court.
*185 In December, 1855, a bill was filed in tbe Chancery Court at Rutledge, on behalf of the complainant, Hannah Nicely, a married woman, by her next friend, Pleasant Starnes, against her husband, John Nicely, the defendant. The case made by the bill, and fully sustained by the proof, is substantially this That several years after the marriage of complainant with defendant, and some two years before the filing of the bill, she became entirely deranged. That after her derangement, her husband confined her in an open out-house, some~distance from his dwelling, with no one to watch over or take care of her ;■ that she was almost denied food and raiment; deprived of fire in the cold of winter; destitute of every attention and comfort, and suffered to wallow in filth, until she became a living nuisance, revolting to look upon. And finally, her husband, before the filing of the bill, abandoned her altogether, removed his property, refused to support her, and declared his determination that she should not have any of his property. The prayer of the bill is, for the appointment of a guardian for the complainant, and a reasonable allowance for her maintenance, to be paid by the defendant. There is no prayer for a divorce or separation.
Upon the bill being filed, the Chancellor made an order appointing Starnes, the next friend, guardian, to take the custody and care of complainant until the further order of the Court; and, likewise, made an order on the defendant, to pay into the office a sum of money, for her sup port and maintenance, until otherwise ordered. ■ Under this order, Starnes took care of complainant until her removal to the Lunatic Asylum, at Nashville, in October, 1856. The expenses of keep- ■ ing complainant, and of conveying her to the Asylum, exceeded the amount received from the defendant; and a balance remains due to Starnes on. account of advances made by him of his own money.
On final hearing, the Chancellor dismissed the bill, for want of jurisdiction, and rendered a decree against Starnes, the next friend, for all the costs of the cause. From this decree an appeal was prosecuted to this Court.
*186 The argument against the jurisdiction of a Court of Equity to decree the relief sought by the bill, is based upon the English authorities.
The doctrine held there, is, that the obligation of the husband to provide a suitable maintenance for his wife, is not a duty of which Courts of Equity will decree the specific performance, by requiring him to furnish a separate maintenance. That the remedy is in the Courts of Common Law, by action against the husband, in favor of any one who may, under such circumstances, have supplied the wife with necessaries suitable to her condition in life; that the jurisdiction of decreeing alimony belongs to the spiritual court, and can be properly exercised in that court as incidental to a decree of divorce only, and is not within the jurisdiction of a Court of Equity. Fonbl. Eq., 103—4, note n; 2 Story’s Eq., sec. 1422, 5th Ed. Such seems to be the general doctrine of the English cases, though the cases upon this subject do not altogether agree. But in some of the American Courts, a more reasonable doctrine has prevailed; and the jurisdiction of a Court of Equity, in such cases, has been maintained upon general principles; and especially upon the ground of the utter inadequacy of the remedy at law. See 2 Story’s Eq., sec. 1428 a; 4 Hen. & Munf., 507, and other American cases cited in Fonbl. Eq., 62, 63 and note; Ibid., 103, 104 and note.
If it were necessary, we should incline to follow the latter authorities., in the determination of this case. But it is not necessary to place the decision upon that ground, because, in this State, the jurisdiction is conferred upon Courts of Equity by express statute. By the act of 1835, ch. 26, secs. 18, 19, it is declared, in substance, that any married woman may exhibit a bill, in any Court having equity jurisdiction, against her husband, for “cruel and inhuman treatment of her by him; or such conduct on the part of the husband towards his wife, as may render it unsafe and improper for her to cohabit with him, and be under his dominion and control; or of such indignities offered to her person as to render her condition intolerable, and thereby forcing her to withdraw; or that he *187 has abandoned her; or turned her out of doors, and refuses or neglects to provide for her,” &c. And upon either of the the foregoing causes being established, the jurisdiction is expressly given to the Court “to decree a separation from bed and board forever thereafter, or for a limited time, as shall seem just and reasonable; or to make such other decree in the premises, as the nature and circu'mstances of the case require:” and furthermore, it is expressly declared, that, “ whether the Court shall decree a separation from bed and board, or not, to make such order and decree for the suitable support and maintenance of the complainant and her children, or any of them, by the husband, out of his property, as the nature of the case and circumstances of the parties render suitable and proper, in the opinion of the Court.” And the Court may enforce such orders and decrees by sequestering the rents and profits of the real estate of the husband, and his personal estate and choses in action.
Under this latter provision of section 19, the power of a Court of Equity to decree a suitable maintenance to the wife, in a case like the present, is not merely incidental to a decree of divorce or separation, but it is a distinct and independent power conferred upon the Court, and to be exercised, in proper cases, although no divorce or separation be decreed. And if, in a case where a decree of separation is sought, but fails, the Court may, nevertheless, proceed to decree a separate maintenance, or alimony, to the wife; surely the same decree may be made, in a proper case, although no divorce or separation be asked for; but simply alimony, or a separate maintenance. Upon this point there can be no. doubt, on any fair construction of the statute. The same provisions are substantially incorporated into the Code, secs. 2467, 2468.
The present case is fully embraced, in our judgment, by the foregoing provisions of the statute, which seem to have been overlooked by his Honor, the Chancellor.
The jurisdiction of the Chancery Court was plenary to grant all the relief sought by the bill, under the foregoing act, *188 taken in connexion with the act of 1851-2, ch. 163, which confers upon the Chancery Courts, concurrent jurisdiction with the County Courts, “over the persons and estates of idiots, Lunatics, and other persons of unsound mind.”
Decree reversed, and cause remanded.